IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVETTE CEASAR, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-26-1487 |
| BOARD OF TRUSTEES OF THE COMMUNITY COLLEGE OF BALTIMORE COUNTY, et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiff/Counter-Defendant Davette Ceasar filed suit against Defendants/Counter-Plaintiffs Board of Trustees of the Community College of Baltimore County (the "College") (the "Board").[1] (ECF No. 2.) Ceasar has filed a Partial Motion to Dismiss (ECF No. 14), which will be granted.

Ceasar asserted claims that relate in part to an employment agreement between the parties. (ECF No. 2.) The Board filed an Answer and Counterclaims. (ECF No. 8.) The Board alleges that the College presented Ceasar with an employment agreement, that Ceasar "returned a version of the employment agreement for signature to the College's President and Vice President, who executed the document under the belief that it accurately reflected the terms previously reviewed and approved by the College" but that Ceasar had changed terms in the agreement and "[t]he version of the employment agreement Ceasar presented for signature was in PDF format, did not

---

[1] The Board explains that "Plaintiff has named both the Board of Trustees of the Community College of Baltimore County and the Community College of Baltimore County itself as defendants, but only the Board of Trustees is a proper party; the College itself is not subject to suit." (ECF No. 8 at 1 n.1.) Ceasar does not oppose. The Clerk will be directed to terminate Defendant Community College of Baltimore County.

contain redline changes, and did not otherwise indicate that it had been materially altered to confer benefits upon Ceasar to which the College never agreed." (*Id.* at 21–22.) The Board brings two claims: Count I – Fraud/Fraud in the Execution and Count II – Declaratory Judgment. (*Id.*) In the fraud count, the Board alleges that Ceasar materially altered the agreement to include benefits the College had never approved and that she now seeks to enforce a fraudulently altered agreement. (*Id.* at 24.) In the declaratory judgment count, the Board "contends that the purported agreement, and specifically the severance, cost-of-living, and other altered provisions inserted by Ceasar, are void or voidable because they were procured through fraud and were never knowingly reviewed, authorized, or approved by the College." (*Id.* at 25.) As relief for its Counterclaims, the Board seeks "a declaratory judgment." (*Id.* at 26.) The Board also asserts as an affirmative defense that Ceasar engaged in fraudulent conduct by materially altering the terms of her contract. (*Id.* at 18–19.)

Ceasar moves to dismiss the declaratory judgment count. (ECF No. 14.) Ceasar cites authority providing that:

> . . . '[w]hen declaratory relief would be duplicative of claims already alleged, dismissal is warranted." *Chevron U.S.A. Inc. v. Apex Oil Co., Inc.*, 113 F. Supp. 3d 807, 824 (D. Md. 2015) (quoting *Sharma v. OneWest Bank, FSB*, Civ. No. 11-0834, 2011 WL 5167762, at *6 (D. Md. Oct. 28, 2011)). The same logic extends to counterclaims. "Courts have typically declined to consider counterclaims for declaratory relief that are duplicative of affirmative defenses." *Malibu Media, LLC v. Doe 1*, Civ. No. DKC 12-1198, 2012 WL 6681990, at *3 (D. Md. Dec. 21, 2012).

*Hartford Cas. Ins. Co. v. Timbario*, Civ. No. 25-941-BAH, 2025 WL 2918460, at *3 (D. Md. Oct. 14, 2025).

The Board does not oppose dismissal of its declaratory judgment count (*see* ECF No. 18), and the Court concludes that dismissal is appropriate. The Board seeks a dismissal without prejudice, but cites no authority for that request. The dismissal will be with prejudice.

2

Accordingly, it is ORDERED that:

1. The Clerk SHALL TERMINATE Defendant Community College of Baltimore County; and

2. Ceasar's Motion to Dismiss (ECF No. 14) is GRANTED. The Court will set this matter in for scheduling by separate order.

DATED this _____ day of July, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

3